# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1720-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Yuri Bernard Nielsen, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |         Complainant, |
| |     v. |
| | Yuri Bernard Nielsen, |
| |         Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST NIELSEN

| | |
|---|---|
| OPINION FILED: | December 20, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | ZIEGLER, J., did not participate. |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP1720-D

STATE OF WISCONSIN            :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Yuri Bernard Nielsen, Attorney at Law:**

**Office of Lawyer Regulation,**

         **Complainant,**

    **v.**

**Yuri Bernard Nielsen,**

         **Respondent.**

**FILED**

**DEC 20, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. This is a reciprocal discipline matter. We review the stipulation entered by Attorney Yuri Bernard Nielsen and the Office of Lawyer Regulation (OLR) for the imposition of discipline reciprocal to that imposed by the Supreme Court of Arizona. After our review of the matter, we accept the stipulation. By virtue of having been disbarred by the Supreme Court of Arizona for professional misconduct, Attorney Nielsen is subject to reciprocal discipline in

Wisconsin pursuant to SCR 22.22.[1]  We revoke Attorney Nielsen's license to practice law in Wisconsin.  The OLR does not seek costs, and no costs will be imposed in this matter.

---

[1] SCR 22.22 provides:  Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

¶2 Attorney Nielsen was admitted to practice law in Wisconsin in 2005. He was also admitted to practice law in Arizona. His current Wisconsin license status is "active" and in "good standing."

¶3 On May 2, 2013, the Supreme Court of Arizona disbarred Attorney Nielsen for misappropriation of trust funds and failure to provide an accounting of trust accounts and related client

---

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

3

records.[2] The Supreme Court of Arizona found that these actions violated Rule 42, ERs 1.3, 1.4, 1.15, 8.1, 8.4(c), along with various sections of Rule 43 and Rule 54 of the Arizona Rules of the Supreme Court.

¶4 On August 5, 2013, the OLR filed a complaint alleging that, by virtue of the Arizona disbarment, Attorney Nielsen was subject to reciprocal discipline in Wisconsin. On September 25, 2013, pursuant to SCR 22.12[3] the OLR and Attorney Nielsen entered into a stipulation whereby they stipulated to the revocation of

---

[2] Disbarment of an attorney in Arizona is comparable to revocation of an attorney's license in Wisconsin. In Arizona an attorney who has been disbarred may apply for reinstatement not sooner than 90 days prior to the fifth anniversary of the effective date of the disbarment. Ariz. R. Sup. Ct. 64(b). In Wisconsin an attorney whose license has been revoked may file for reinstatement five years after the effective date of revocation.

[3] SCR 22.12 states as follows: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

Attorney Nielsen's license to practice law in Wisconsin, reciprocal to the discipline imposed in Arizona.

¶5 Attorney Nielsen agrees that the facts alleged in the OLR's complaint and the documents from the Arizona proceeding attached thereto form a basis for the discipline requested. The parties aver that the stipulation did not result from plea bargaining. Attorney Nielsen states that he does not contest the facts and misconduct alleged by the OLR, or the discipline that the OLR director is seeking in this matter. Attorney Nielsen states that he fully understands the misconduct allegations; he fully understands the ramifications should the court impose the stipulated level of discipline; he fully understands his right to contest this matter; he fully understands his right to consult with counsel; his entry into the stipulation is made knowingly and voluntarily; and his entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR's director.

¶6 Upon our review of the matter, we accept the stipulation and impose discipline identical to that imposed by the Supreme Court of Arizona.

¶7 IT IS ORDERED that the license of Yuri Bernard Nielsen to practice law in Wisconsin is revoked, effective the date of this order.

¶8 IT IS FURTHER ORDERED that Yuri Bernard Nielsen shall comply with the provisions of SCR 22.26 concerning the duties of

5

a person whose license to practice law in Wisconsin has been revoked.

¶9    ANNETTE KINGSLAND ZIEGLER, J., did not participate.